UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                          No. 03-4250

KENNETH LEWIS YORK,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-02-4)

Submitted: November 26, 2003

Decided: March 12, 2004

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Barry L. Proctor, Abingdon, Virginia, for Appellant. John L. Brown-lee, United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Lewis York pled guilty to transporting in interstate commerce with intent to engage in criminal sexual activity, 18 U.S.C. § 2423(a) (2000), three counts of mailing threatening communications, 18 U.S.C. § 876 (2000), and threatening a federal law enforcement officer, 18 U.S.C. § 115 (2000). He was sentenced to a total of 365 months imprisonment. On appeal, he argues that: (1) the district court erred in applying *U.S. Sentencing Guidelines Manual* § 2A3.1 (1998), relating to criminal sexual abuse; (2) the district court erred in applying USSG § 3C1.1 for obstructing the administration of justice; and (3) the district court erred in departing upward from the sentencing guidelines for an under-represented criminal history category. Finding no reversible error, we affirm.

In general, this court reviews a district court's factual findings at sentencing for clear error, and its legal application of the sentencing guidelines de novo. *See* 18 U.S.C. § 3742(e) (2000); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). In conducting this review, this Court gives due regard to the district court's opportunity to judge the credibility of witnesses. 18 U.S.C. § 3742(e). Credibility determinations by the factfinder are rarely disturbed on appeal. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Having reviewed the record, we find no error in the district court's enhancements under USSG § 2A3.1 and USSG § 3C1.1.

With respect to the upward departure, York maintains that the district court erred in departing upward from the sentencing guidelines range under USSG § 4A1.3, on the ground that his criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes. Under 18 U.S.C. § 3742, as amended by the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 401(d), 117 Stat. 650, 670 (2003), whether the district court based a departure on a permissible factor is to be reviewed de novo. 18 U.S.C. § 3742(e); *see United States v. Stockton*, 349 F.3d 755, 764 n.4 (4th Cir. 2003) (discussing PROTECT Act and holding that the application of newly enacted de

novo standard of review in a pending case does not implicate the Ex Post Facto Clause). The court must determine whether the departure was based on a factor that (1) does not advance the objectives set forth in 18 U.S.C. § 3553(a)(2) (2000), or (2) is not authorized by § 3553(b), or (3) is not justified by the facts of the case. *Id.* § 401(d), 117 Stat. at 670; 18 U.S.C. § 3742(e)(3)(B)(i)-(iii). Assuming a permissible ground for departure, the reviewing court must ask whether the district court's sentence "departs to an unreasonable degree from the applicable guidelines range." 18 U.S.C. § 3742(e)(3)(C). In reviewing the degree of departure, due deference is given to the district court, and the reviewing court shall accept the findings of fact of the district court unless they are clearly erroneous. 18 U.S.C. § 3742(e).

A departure under USSG § 4A1.3 because the criminal history category under-represents the defendant's past criminal conduct and the likelihood of recidivism is encouraged by the guidelines. *United States v. Bellamy*, 264 F.3d 448, 456 (4th Cir. 2001), *cert. denied*, 534 U.S. 1143 (2002). Therefore, this factor constitutes a permissible ground for an upward departure. Contrary to York's assertions, we further find that the court's departure in this case was supported by the facts, that the departure from criminal history category III to VI was not unreasonable, and that the court adequately justified the extent of the departure.

Accordingly, we affirm York's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*